UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 01-14036-CR-MOORE/LYNCH

JAMES HENRY ROBINSON,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.
_____/



FILED by _____ D.C.

MAY 1 0 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (DE 131)

   **THIS CAUSE** comes before this Court upon an Order of Reference (DE 132) and the above Motion. Having reviewed the Motion, noting that the Respondent did not respond to it despite making an appearance, this Court recommends as follows:

   1.   Before turning to the Motion, itself, this Court addresses two procedural matters. First, the Petitioner seeks relief under a rule of civil procedure — Rule 60(b)(4) — from a decision rendered in a civil case — 05-14043-CIV, his habeas corpus petition. As such, he incorrectly filed the current Rule 60(b)(4) Motion in the underlying criminal case, but notwithstanding this error, this Court will proceed to consider the Motion here in the criminal case. Second, as noted above, the Respondent has not responded to the Motion. Notwithstanding the lack of objection, this Court sees no basis to support even a default ruling in the Petitioner's favor. The law is clear that

the Petitioner is not entitled to relief.

2. The object of the instant Motion is the decision denying his § 2255 habeas corpus motion. In that motion the Petitioner, proceeding pro se, raised several claims for relief. Some of those claims derived from the allegation that the Respondent had given no notice, either to him or to his defense counsel, of its intention to pursue a sentence enhancement under 21 U.S.C. § 851. The habeas motion was denied. The notice claim was denied upon the finding that defense counsel did in fact receive notice. The motion was denied overall upon the finding that regardless of the various alleged errors, § 851 still would have applied, even if he had not gone to trial and had pled guilty instead. Through his instant Rule 60(b)(4) Motion, the Petitioner seeks to vacate that habeas corpus judgment as void.

3. The Petitioner argues that the notice claim raised in his habeas motion was not technically correct. The defect was not that the Respondent wholly failed to give his counsel notice. Rather the Respondent had mailed the § 851 enhancement notice to counsel's incorrect old address; it did not mail it to counsel's up-to-date address. The Petitioner argues that this alleged notice defect means that the sentencing court lacked the jurisdiction to apply the § 851 enhancement. Moreover his defense counsel was ineffective for not objecting to the defective notice. (Rather defense counsel both told the sentencing court

and wrote the Petitioner that notice had been proper.)

4.  The instant Rule 60(b)(4) Motion amounts to an impermissible second or successive habeas corpus motion. The Eleventh Circuit recently addressed this very same issue in its opinion, Franqui v. State of Florida, — F.3d —, 2011 WL 1532023 (11th Cir. 2011). Applying Franqui's holdings to the instant case shows how the instant Motion is impermissible. As Franqui explained, there is a strict limit on a movant's ability to obtain a second round of habeas corpus review. The two limited exceptions are not applicable here, mainly because the Petitioner's current argument — that the Respondent did not mail its § 851 notice to the correct address of his defense counsel — was available to him at the time he filed his habeas corpus motion. Indeed it is substantively the same as the claims he raised then, with the current manifestation being more a refinement or clarification of that previous argument.

5.  Second a habeas corpus movant may not use a Rule 60(b)(4) motion to avoid that limitation. Rule 60(b)(4) relief is limited to correcting a defect with a judgment, itself. That is different than raising some substantive claim for relief with respect to the underlying conviction, which is what the Petitioner is doing now. The Petitioner carefully tries to frame his Motion with an eye toward Gonzales v. Crosby, 545 U.S. 524 (2005), the same case upon which the Franqui Court relies, but he

cannot avoid the fact that his current arguments still concern an error in the sentence, not in the habeas corpus ruling. Consequently, as the Franqui Court ultimately held, this Court lacks subject matter jurisdiction to even hear the instant Motion.

6. This Court furthers that the law of the case precludes relief. Immediately after the denial of his habeas corpus motion, beginning with his motion to alter or amend judgment pursuant to Rule 59(c), Fed.R.Civ.P., filed in March 2006, the Petitioner has been pursuing this very same issue. It has been subject of multiple motions, and it has been subject of two appeals.

**ACCORDINGLY**, under the authority of the Franqui Court, supra, this Court recommends to the District Court that the Motion for Relief from Judgment be **DISMISSED** for lack of subject matter jurisdiction.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 10th day of May, 2011.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. K. Michael Moore
    Theodore M. Cooperstein, AUSA
    James Henry Robinson, pro se